IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       Plaintiff,  vs.  QUINCY R. HAYNES,       Defendant. | 8:12-CR-277  MEMORANDUM AND ORDER |

    This matter is before the Court on the motion to vacate under 28 U.S.C. § 2255 (filing 47) filed by the defendant, Quincy R. Haynes. The motion was timely filed less than 1 year after the Supreme Court initially recognized the right that the defendant's motion asserts. *See*, § 2255(f); *Johnson v. United States*, 135 S. Ct. 2551 (2015).

    Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court "must review the answer, any transcripts and records of prior proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

BACKGROUND

    The defendant was convicted, pursuant to a guilty plea, of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922. Filing 39 at 1. The presentence report found that pursuant to U.S.S.G. § 2K2.1(a)(4)(A), the defendant's base offense level was 20 because he had a prior conviction for a "crime of violence" as defined by U.S.S.G. § 4B1.2(a). Filing 35 at 6-7; *see* § 2K2.1 cmt. n.1. Specifically, the defendant had a prior Nebraska conviction for burglary. Filing 35 at 7. Accordingly, the presentence report assessed the defendant's offense level at 20, which (after a reduction for acceptance of

responsibility) combined with a criminal history category of VI for a Guidelines imprisonment range of 51 to 63 months' imprisonment. Filing 35 at 8, 22. The Court accepted that Guidelines range, but varied downward on the defendant's motion and imposed a Guidelines sentence of 51 months' imprisonment. Filing 39 at 2; filing 40 at 1.

After the judgment became final, the Supreme Court held in *Johnson* that the definition of "crime of violence" contained in 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague. 135 S. Ct. at 2563. Based on the presence of the same language in § 4B1.2(a), the defendant filed the instant § 2255 motion. Filing 47.

## DISCUSSION

The defendant's argument is twofold. First, the defendant contends that Nebraska's crime of burglary is only a "crime of violence" within the residual clause of § 4B1.2(a)(2)—that is, it is not a "crime of violence" within the meaning of the "elements clause" of § 4B1.2(a)(1), or an offense enumerated in § 4B1.2(a)(2). Second, the defendant contends that the residual clause of § 4B1.2(a)(2) was invalidated by *Johnson*, and that as a result, he is entitled to resentencing.

The Court agrees with the defendant that Nebraska burglary can only be considered a "crime of violence" pursuant to the residual clause of § 4B1.2(a)(2). However, the Court disagrees with the defendant with respect to whether the residual clause is unconstitutionally vague: under binding Eighth Circuit precedent, the vagueness of a Sentencing Guideline is not a violation of a defendant's right to due process.

### NEBRASKA BURGLARY AS "CRIME OF VIOLENCE"

A "crime of violence," as defined by § 4B1.2(a) at the time of the defendant's sentencing,[1] was a federal or state offense punishable by a term of imprisonment exceeding 1 year, that

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

---

[1] The United States Sentencing Commission has since amended § 4B1.2(a) to remove the residual clause. In this memorandum and order, the Court will refer to the version in effect at the time of sentencing.

So, § 4B1.2(a) essentially comprised three categories of "crime of violence": the "elements clause" of § 4B1.2(a)(1), the "enumerated offenses" specifically identified in § 4B1.2(a)(2), and the "residual clause" of crimes involving "conduct that presents a serious potential risk of physical injury to another." The language of § 4B1.2(a)(2)'s residual clause was identical to the language of § 924(e)(2)(B) that the Supreme Court struck down in *Johnson*. So, the initial question is whether burglary, under Nebraska law, is a "crime of violence" under the elements clause of § 4B1.2(a)(1), whether it is an enumerated offense under § 4B1.2(a)(2), or whether the defendant's career offender status necessarily rested on the residual clause.

At first glance, the merit of the defendant's argument seems obvious. Nebraska's burglary statute provides that "[a] person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value." Neb. Rev. Stat. § 28-507. So, it does not have as an element the use, attempted use, or threatened use of physical force against the person of another. *See id.* Nor would it appear to be "burglary of a dwelling," because it includes burglary of "any real estate or any improvements erected thereon." *Id.* But the Eighth Circuit has held that the limitation of burglary in § 4B1.2(a)(2) to burglary "of a dwelling" is invalid. *See*, United States v. Mohamed, 623 F. App'x 839, 840 (8th Cir. 2015); United States v. Stymiest, 581 F.3d 759, 767-69 (8th Cir. 2009). Accordingly, the Court of Appeals concluded that burglary of a commercial dwelling is an enumerated offense under § 4B1.2(a), without relying on the residual clause. *See Mohamed*, 623 F. App'x at 840; *see also Stymiest*, 581 F.3d at 768-69.

So, the government argues that the defendant's burglary conviction was a "crime of violence" within the meaning of § 4B1.2(a)(2), without relying on the residual clause, because the elements of § 28-507 fall within the generic offense of burglary. The Court disagrees. The elements of generic burglary are an unlawful or unprivileged entry, into a building or other structure, with intent to commit a crime. Taylor v. United States, 495 U.S. 575, 599 (1990); *accord* Mathis v. United States, 136 S. Ct. 2243, 2248 (2016). The possibility of burglarizing a "any real estate or any improvements erected thereon" means that § 28-507 is broader than generic burglary. *See* James v. United States, 550 U.S. 192, 212 (2007) (holding that the "inclusion of curtilage" took the Florida offense of burglary outside the *Taylor* definition of generic burglary), *overruled on other grounds by* Johnson, 135 S. Ct. at 2562; *see also Mathis*, 136 S. Ct. at 2250.

The government contends that § 28-507 is divisible, such that under the modified categorical approach, the Court may consider underlying documents such as the indictment to determine what crimes, with what

- 3 -

elements, a defendant was convicted of. The government argues that that Nebraska's burglary statute is divisible as to whether a defendant breaks and enters "any real estate" or "improvements erected thereon," that burglarizing an "improvement" is consistent with generic burglary, and that the underlying documentations establishes that the defendant burglarized an improvement. Filing 50 at 22-24.

But that argument is inconsistent with *Mathis*, in which the Supreme Court held that the modified categorical approach could not be applied to an Iowa statute proscribing burglary of "any building, structure, or land, water, or air vehicle." 136 S. Ct. at 2250 (quoting Iowa Code § 702.12). The listed locations were "not alternative elements, going toward the creation of separate crimes": rather, the Supreme Court explained, each term "serves as an alternative method of committing the single crime of burglary[.]" *Id*. (citation and quotations omitted). The same is true here: the modified categorical approach does not apply, because burglary of "any real estate" or "improvements erected thereon" are alternative means of committing one offense, not different crimes. *See Mathis*, 136 S. Ct. at 2254-55. And that one offense is broader than generic burglary. *See James*, 550 U.S. at 212. The Nebraska offense of burglary was not a "crime of violence" as defined by § 4B1.2(a) without relying on the residual clause.

### UNCONSTITUTIONAL VAGUENESS OF SENTENCING GUIDELINES

The Fifth Amendment guarantee of due process of law is violated when the government takes away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Johnson*, 135 S. Ct. at 2556. The question, then, is whether this doctrine is applicable to a sentencing guideline, where the defendant has already been put on notice by the statute of conviction of the conduct it punishes, and where it is the Court's discretion instead of the prosecution's that is at issue. The Eighth Circuit has held that "the Sentencing Guidelines are simply not susceptible to a vagueness attack." *United States v. Wivell*, 893 F.2d 156, 159 (8th Cir. 1990). The Court of Appeals explained its reasoning at some length:

> The vagueness doctrine holds that a person cannot be held liable for conduct he could not reasonably have been expected to know was a violation of law. It is settled that, as a matter of due process, a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute, or is so indefinite that it encourages arbitrary and erratic arrests and convictions, is void for vagueness. Although

- 4 -

> these two due process values secured by the vagueness doctrine tend to coalesce, they are analytically distinct. The first—notice—focuses on the state of mind of the citizen in commanding that the rules he must follow be comprehensible. The second—arbitrary enforcement—concerns the behavior of law enforcement officials, and therefore condemns such empowering statutory devices as status crimes or punishment by analogy. These statutes are in a class by themselves. Definiteness is designedly avoided so as to allow the net to be cast at large, to enable men to be caught who are vaguely undesirable in the eyes of police and prosecution although not chargeable with any particular offense. But both theories supporting the vagueness doctrine presume a law that attempts to proscribe or prescribe conduct.
>
> The Sentencing Guidelines do not define illegal conduct: they are directives to judges for their guidance in sentencing convicted criminals, not to citizens at large. It is well established that, with the exception of capital cases, there is no constitutional right to such directives. Indeed, a defendant's due process rights are unimpaired by the complete absence of sentencing guidelines. . . . [T]he Constitution does not require sentencing guidelines in noncapital cases.
>
> Because there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague. It therefore follows that the Guidelines cannot be unconstitutionally vague as applied to [the defendant] in this case. Even vague guidelines cabin discretion more than no guidelines at all. What a defendant may call arbitrary and capricious, the legislature may call discretionary, and the Constitution permits legislatures to lodge a considerable amount of discretion with judges in devising sentences.

*Wivell*, 893 F.2d at 159-60 (quotations and citations omitted).

And that reasoning has even more force in the post-*Booker* framework of advisory Guidelines, where the Guidelines are only a starting point, and a sentencing court is free to impose sentences within the statutory limits based on the factors enumerated in 18 U.S.C. § 3553(a). Accordingly, in *United States v. Meirick*, the Eighth Circuit refused to consider a defendant's constitutional challenge to a Guidelines provision because the Guidelines "did

not cause [the defendant]'s alleged sentencing injury." 674 F.3d 802, 804 (8th Cir. 2012). The defendant's sentence, the Court of Appeals explained, "was attributable not to the provisions of [the challenged Guideline], but to the district court's unwillingness to exercise its discretion to vary from those advisory provisions." *Id.*

The Court recognizes that the Supreme Court, in *Johnson*, said that the principles of unconstitutional vagueness "apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." 135 S. Ct. at 2557. But that was a single sentence of *Johnson*, and there is a meaningful difference between a statute like § 924(e)(1), which actually *fixed* the statutory sentencing range, and a sentencing guideline that only informs a judge's discretion when sentencing within a range that is already fixed by statute. *See United States v. Taylor*, 803 F.3d 931, 934 (8th Cir. 2015) (Colloton, Judge, dissenting). In other words, *Wivell* is squarely on point on this question, and *Johnson* is not. *See United States v. Ellis*, 815 F.3d 419, 421-22 (8th Cir. 2016). At that point, this Court is not at liberty to disagree with the Court of Appeals. *See Hood*, 342 F.3d at 864. The Court finds that the defendant's vagueness challenge to § 4B1.2(a)(2) is foreclosed by *Wivell*.

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be dismissed without an evidentiary hearing. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the Court recognizes that while the Court of Appeals has not overruled *Wivell*, the members of that court may not be entirely of one mind on *Wivell*'s continuing vitality. *See Taylor*, 803 F.3d at 933. And while this Court cannot set aside Circuit precedent, the Court of Appeals itself may not be so bound. *See id.* (citing *United States v. Anderson*, 771 F.3d 1064, 1067 (8th Cir. 2014)). The Court will issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 47) is denied.

2. A separate judgment will be entered.

3. The Court will issue a certificate of appealability in this matter as to whether a Sentencing Guideline may be challenged as unconstitutionally vague.

4. The Clerk shall provide a copy of this order to the Eighth Circuit Court of Appeals.

Dated this 20th day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge